## Commonwealth v. Neyhart

*George Garrison Shafer*, for Commonwealth.
*Frank S. Weiss*, for defendant.

SHULL, P. J., October 15, 1937.—This matter is brought before the court on an agreed state of facts. The facts as agreed are as follows:

1. Marshall Neyhart, a resident of East Stroudsburg, Monroe County, Pa., was taking bait fish or minnows from waters within the Commonwealth of Pennsylvania on April 13, 1937.

2. At the time he was met by the prosecutor, H. P. Custard, fish warden, he did not have the license provided for by the act of assembly about his person, and therefore was unable to exhibit it to the officer on request, nor was his license button at the same time continually displayed on his outer garments in such manner that the license figures were plainly visible.

On this statement we are asked to determine one question, to wit: Does the taking of bait fish constitute angling or fishing as contemplated by the acts of assembly of this Commonwealth regulating angling and fishing?

Section 1 of the Act of June 10, 1935, P. L. 296, provides:

"No person shall angle or fish in any of the waters within or bounding on or adjacent to this Commonwealth unless the license hereinbefore provided be at such time continually kept about the person of the licensee and exhibited upon the request of any fish warden, sheriff, constable, or other officer of the Commonwealth. No person shall angle or fish in any of the waters within or bounding on or adjacent to this Commonwealth unless the license button be at such time continually displayed on the outer garment in such manner that the license figures are plainly visible."

That bait fish were considered by the legislature in passing these acts is evidenced in section 40 of the Act of July 17, 1935, P. L. 1145, where, under paragraph (n), it provides: "All other species of fish, including bait fish. . . ."

That minnows are fish is of course not open to argument, and while it is urged on behalf of defendant that

he "was not angling or fishing; that he was catching 'bait fish' for the purpose of fishing", we cannot see that there is or could be any distinction which might take this case from under the operation of the statute by reason of the fact that defendant states that he was catching bait fish, instead of stating that he was fishing for bait fish. The New Webster International Dictionary defines fish: "To attempt to catch fish; to be employed in taking fish, by any means, as by angling or drawing a net"; consequently, though there are many kinds of fish, the general term "fish" or "fishing" necessarily applies with the same force to the catching or taking of bait fish as it does to game fish or food fish. Therefore, one engaged in catching or taking bait fish is subject to the provisions of the act of assembly and is under the necessity of having the button conspicuously displayed, as provided by the act of assembly for one engaged in angling or fishing.

We have not gone into a full hearing on this matter, for the reason that it was, by stipulation, submitted upon the agreed state of facts. This, as we view it, is a waiver of defendant's right to have the matter heard de novo before this court.

Under the facts in this case defendant is guilty of violation of the act of assembly and is directed to present himself to this court for sentence on Monday, November 1, 1937, at 10 a.m.